UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

SARAH DANIEL,

    Plaintiff,

  v.

ABSOLUTE CAULKING & WATERPROOFING, INC., a Colorado corporation,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Sarah Daniel, by and through her attorneys, HKM Employment Attorneys, LLP, for her Complaint against Absolute Caulking & Waterproofing, Inc. ("ACW" or "Defendant") states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), seeking damages for ACW's willful refusal to pay Sarah Daniel at the same rate paid to males for equal work.

2. This is an employment discrimination case arising from ACW's discrimination toward and wrongful termination of Ms. Daniel because of Ms. Daniel's sex/gender and/or in retaliation for Ms. Daniel requesting pay equal to that of her male counterparts. ACW's claimed reasons for terminating Plaintiff are mere pretext for discrimination based on her gender and/or retaliation for engaging in the protected activity of opposing gender discrimination.

**JURISDICTION AND VENUE**

3. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, and 1343.

5. This action is instituted pursuant to 29 U.S.C. § 216, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 6(d) of the Fair Labor Standards Act, 29 U.S.C. § 206(d) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

6. The unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

**PARTIES**

7. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

8. Plaintiff, Sarah Daniel is, and at all relevant times was, a resident of the state of Colorado.

9. ACW is a Colorado corporation with a principal place of business at 11919 I-70 Frontage Rd N, Unit 112, Wheat Ridge, CO, 80033-7108.

10. At all relevant times, ACW employed Sarah Daniel.

11. At all relevant times, ACW has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

12. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

13. Ms. Daniel filed a Charge of Discrimination, Number 32A-2021-00465, with the Equal Employment Opportunity Commission ("EEOC") on or about March 17, 2021.

14. The EEOC provided ACW with notice of the Charge.

15. More than thirty days prior to the institution of this lawsuit, Ms. Daniel filed a Charge with the EEOC alleging violations of the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Colorado Anti-Discrimination Act by ACW.

16. Ms. Daniel has not yet received a Right to Sue with respect to the Charge.

17. Upon receipt of the Right to Sue, Ms. Daniel timely filed this action.

## GENERAL ALLEGATIONS

18. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

19. Prior to Ms. Daniel's employment with ACW, she performed work for ACW through Tradesman International.

20. Thereafter, ACW hired Ms. Daniel as an employee with the title of Journeyman on or around November 24, 2019.

21. At all relevant times, Plaintiff met or exceeded ACW's legitimate performance expectations.

22. Ms. Daniel was treated less well due to her sex/gender in regards to pay, training, treatment, and treatment upon returning from leave.

23. Specifically, Ms. Daniel's pay for all or part of her employment with ACW was less than male Journeyman with the same job title, essential job functions and requirements, and duties and responsibilities.

24. Further, male Journeymen were given raises or bonuses when Ms. Daniel was denied same.

25. Male Journeymen were given access to work assignments, weekend work, and additional hours, but Ms. Daniel was denied those same opportunities.

26. During Ms. Daniel's employment with ACW, she took time off due to a surgery, and upon her return was treated worse while she healed. However, when a male Journeyman was injured, accommodations were made.

27. ACW assigned Ms. Daniel performance scores that falsely reflected poor performance when in fact she was recovering from surgery. Similar targeting did not occur to male Journeymen who needed time off for medical/personal reasons.

28. Andreas Viernes was in a supervisory role with ACW.

29. Mr. Viernes treated Ms. Daniel worse because of her sex/gender and because of her complaints regarding the discriminatory treatment. For example, Ms. Daniels was written up by Mr. Viernes for "not packing a joint," which targeted Ms. Daniels in a way where male Journeymen were not targeted.

30. In December of 2020, male Journeymen were given the opportunity to earn extra hours on a Saturday, but the work was not offered to Ms. Daniel.

31. Ms. Daniel reported the discriminatory treatment to Owner/President Scott Deerling.

32. Shortly after speaking up to Mr. Deerling about Ms. Daniel, the only female Journeymen being excluded from earning pay, Ms. Daniel was denied a raise.

33. Upon information and belief, on our around January of 2021, male Journeymen were given cost of living increases, but Ms. Daniel was denied same.

34. On January 27, 2021, Ms. Daniel emailed Nicholas Williams regarding concerns she had with her pay.

35. On January 29, 2021, Ms. Daniel reached out to Pamela Davis, Human Resources Manager, regarding concerns she had with her working conditions and pay.

36. Thereafter, on or around February 3, 2021, Ms. Daniel spoke to Ms. Davis about the concerns she had in the workplace, namely her working conditions and pay.

37. Shortly thereafter, ACW, on February 5, 2021, decided to terminate Ms. Daniel.

38. Ms. Daniel continued to speak out about her unfair pay and unfair treatment as reflected in emails dated February 10, 2021 between Ms. Daniel and Ms. Davis.

39. Ms. Daniel was subjected to a work environment that was hostile due to her gender.

40. Further, Ms. Daniel received pay lower than males doing same or similar work.

41. Ms. Daniel reported both the hostile work environment and discriminatory pay.

42. Ms. Daniel further reported that the workplace was unfair due to a boys club workplace culture.

43. Ms. Daniel followed the proper procedures to report violations of ACW's policy, which states as follows:

> **Complaint Procedure**
> If you are subjected to any conduct that you believe violates this policy, you must promptly speak to, write or otherwise contact ACW's Human Resource Manager as soon as possible following the offending conduct. If you have not received a satisfactory response within five (5) business days after reporting any incident of what you perceive to be discriminatory conduct, please immediately contact ACW's President or Controller. These individuals will ensure that a prompt investigation is conducted. Your complaint should be as detailed as possible, including the names of all individuals involved and any witnesses. ACW will directly and thoroughly investigate the facts and circumstances of all claims of perceived discrimination and will take prompt corrective action, if appropriate.

44. Upon information and belief, a prompt investigation was not conducted by ACW regarding Ms. Daniel's complaints of a hostile work environment and pay disparity.

45. Upon information and belief, prompt corrective action was not taken in response to Ms. Daniel's complaints.

46. Upon information and belief, ACW did not take action to correct the hostile work environment or pay disparities.

47. Ms. Daniel's employment was terminated on our around February 12, 2021 in retaliation for reporting discrimination to ACW and/or because of gender/sex.

48. ACW stated at the time of termination:
    a. "We have made the decision to end your employment with Absolute due to lack of available work."
    b. "We appreciate all the good work you've done and wish you the best of luck in the future.

49. The only reasons that ACW provided to the Colorado Department of Labor and Employment for her termination was "Laid Off/Lack of Work."

50. ACW did not state that there were any performance issues by Ms. Daniel to the Colorado Department of Labor and Employment. Instead, it stated, "Sarah originally had a reduction in hours, and with continued lack of work, we had to make the decision to terminate our employee/employer work relationship with some employees."

51. ACW further stated in response to the question "Why was the claimant discharged?" by the Colorado Department of Labor and Employment the following:

   a. "Due to a lack of work we had to look at reducing our work force."

## FIRST CLAIM FOR RELIEF
*(Discrimination in Violation of the Equal Pay Act of 1963)*

52. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

53. Since November of 2019, ACW has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Ms. Daniel wages at a rate less than the rate at which ACW pays its male Journeymen.

54. At all relevant times, Ms. Daniel, a female Journeyman, has performed work that was substantially equal to that of male Journeymen considering the skills, effort, and responsibilities of the job. At all relevant times, Ms. Daniel, a female Journeymen, worked under conditions similar to male Journeymen.

55. At all relevant times, ACW paid Ms. Daniel at lower rates than male Journeymen.

56. As a result of the acts complained of above, ACW unlawfully has withheld and is continuing to withhold the payment of wages due to Ms. Daniel.

57. The unlawful practices complained of above were willful.

58. As a direct and proximate result of ACW's above-described actions, Ms. Daniel has suffered damages, including lost wages and benefits, and she is entitled to such general and special damages, economic damages, liquidated damages, and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
*(Retaliation in Violation of the Equal Pay Act of 1963)*

59. Ms. Daniel incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

60. By reporting unequal pay to ACW, Ms. Daniel engaged in protected activity, detailed above, by opposing and reporting ACW's unequal pay practices.

61. In retaliation for engaging in such protected activity, Ms. Daniel was treated less well.

62. In retaliation for engaging in protected activity, ACW terminated Ms. Daniel's employment with ACW.

63. A casual connection exists between Ms. Daniel's protected activity and the above-described adverse actions.

64. ACW's actions in response to Ms. Daniel's protected activity would discourage someone from complaining about violations of the Equal Pay Act.

65. As a direct and proximate result of ACW's above-described actions, Ms. Daniel has suffered damages, including lost wages and benefits, and she is entitled to such general and special damages, economic damages, liquidated damages, and attorneys' fees and costs as permitted by law.

## THIRD CLAIM FOR RELIEF
*(Hostile Work Environment Based on Gender in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"))*

66. Ms. Daniel incorporates by reference the above paragraphs as though set forth fully and separately herein.

67. As a female, Ms. Daniel is a member of a protected class under Title VII.

68. ACW subjected Ms. Daniel to a hostile work environment based on Ms. Daniel's gender and failure to conform to traditional gender stereotypes due to the above-described harassment Ms. Daniel was forced to endure; which was threatening, abusive, humiliating and so severe and pervasive as to detrimentally alter the terms and conditions of Ms. Daniel's employment.

69. Ms. Daniel reported the harassment and disparate treatment she was forced to endure multiple times to ACW, and ACW failed to initiate a reasonable investigation of the reports and/or to take appropriate prompt remedial action. As a result, the harassment continued and created a hostile work environment based on Ms. Daniel's gender and failure to conform to traditional gender stereotypes.

70. ACW's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Ms. Daniel's equal rights under the law.

71. As a result of ACW's above-described discriminatory actions, Ms. Daniel has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## FOURTH CLAIM FOR RELIEF
*(Wrongful Termination Based on Gender in Violation of Title VII, 42 U.S.C. § 2000e, et seq.)*

72. Ms. Daniel incorporates by reference the above paragraphs as though set forth fully and separately herein.

73. Ms. Daniel was otherwise qualified for her position as a Journeyman.

74. ACW terminated Ms. Daniel based on her gender and/or her failure to conform to traditional gender stereotypes.

75. The reasons ACW submits for terminating Ms. Daniel are false and pretext for unlawful discrimination based on gender and her failure to conform to traditional gender stereotypes.

76. ACW's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Ms. Daniel's equal rights under the law.

77. As a result of ACW's above-described discriminatory actions, Ms. Daniel has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## FIFTH CLAIM FOR RELIEF
*(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, et seq.)*

78. Ms. Daniel incorporates by reference the above paragraphs as though set forth fully and separately herein.

79. Ms. Daniel engaged in statutorily protected activity when she opposed a practice made unlawful by Title VII by internally reporting to management the gender-based harassment and hostile work environment she had been forced to endure during her employment.

80. Ms. Daniel engaged in the above-described protected activity because she had a reasonable and good faith belief that the gender based harassment she had been forced to endure was unlawful.

81. ACW terminated Ms. Daniel's employment for Ms. Daniel's above-described protected activity.

82. ACW's conduct in subjecting Ms. Daniel to the above-described materially adverse employment actions is in violation of Title VII and had the effect of depriving Ms. Daniel of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

83. ACW's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Ms. Daniel's equal rights under the law.

84. As a direct and proximate result of ACW's above-described retaliatory actions, Ms. Daniel has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Daniel respectfully requests that this Court enter judgment in her favor against ACW and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for garden variety emotional distress, inconvenience, and mental anguish;

B. Back pay and benefits;

C. Front pay and benefits;

D. Punitive damages;

E. Attorneys' fees and costs of this action, as permitted by law;

F. Liquidated damages as allowed by law;

G. Pre-judgment and post-judgment interest at the highest lawful rate; and

H. Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Ms. Daniel requests a trial by jury on all issues so triable.

Respectfully submitted this 24th day of February 2022.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/Claire E. Hunter*
Claire E. Hunter
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, CO 80202
720.668.8989
chunter@hkm.com
*Attorney for Plaintiff Sarah Daniel*